UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                        No.   15 CR 341-LTS

MICHAEL HEYWARD a/k/a/ MICHAEL
HEYWOOD,

        Defendant.

--------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Defendant Michael Heyward's pro se motion for a reduction of his term of supervised release, which the Court interprets as a motion under 18 U.S.C. section 3583(e)(1). (Docket entry no. 195.) The Court has also received input from the Probation Office and the Government, which both oppose Mr. Heyward's request. For the following reasons, Mr. Heyward's motion is denied.

## BACKGROUND

In February 2017, following a guilty plea, Mr. Heyward was sentenced to 48 months of imprisonment followed by 3 years of supervised release in connection with his conviction for possession of firearm by a felon. (Docket entry no. 103.) Mr. Heyward was released from prison in November 2018 and began serving his term of supervised release. However, in July 2020, Mr. Heyward violated the terms of his supervised release by committing a new crime—possession of a loaded firearm. (Docket entry no. 188, 189.) Based on his admission of this violation, the Court sentenced Mr. Heyward to 5 months of imprisonment followed by 2 years of supervised release on November 4, 2020. (Id.)

Mr. Heyward was released from custody and began serving his most recent term of supervised release on December 7, 2020. On October 28, 2021, the Court received Mr. Heyward's motion for a reduction in sentence, in which he requests that the Court terminate all or part of his remaining term of supervised release (of which approximately one year remains).

DISCUSSION

A court may terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to grant such an application, the court must also consider the sentencing factors set out in 18 U.S.C. section 3553(a)—such as "deterrence, public safety, rehabilitation, proportionality, and consistency." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997). Early termination "is not warranted as a matter of course," but may be appropriate "to account for new or unforeseen circumstances . . . for instance, exceptionally good behavior by the defendant." United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (quoting Lussier, 104 F.3d at 36).

In his present motion, Mr. Heyward asserts that early termination is merited because of the recent strides he has made in his personal and professional life—such as obtaining his own apartment, distancing himself from people who were a bad influence on him, getting a well-paying job as an excavator, and achieving over two years of sobriety. He also states that he has been compliant with the rules and conditions of supervision, and asserts that the resources used to monitor him would be better spent elsewhere, as he has no intention of committing any more crimes.

The Government opposes early termination in light of Mr. Heyward's previous supervised release violation in July 2020. The Probation Office also opposes early termination.

U.S. Probation Officer Franklin Carvajal describes Mr. Heyward's adjustment to supervision as "marginal," noting that Mr. Heyward has struggled with intermittent marijuana usage while under supervision, and that Mr. Heyward continues to undergo family difficulties.  It is the opinion of the Probation Office that "Mr. Heyward has benefited and will continue to benefit from the support afforded to him by the Probation Office" in his life.

After considering all the relevant factors, the Court concludes that Mr. Heyward has failed to present facts and circumstances that would justify early termination.  While Mr. Heyward's progress in his personal and professional life is commendable and encouraging, the Court concludes that both Mr. Heyward and the community will benefit from the continued supervision and support afforded to him by the Probation Office in navigating life post-incarceration.  Accordingly, the motion for early termination of supervised release is denied. A copy of this Order will be mailed to Mr. Heyward.

### CONCLUSION

For the foregoing reasons, Mr. Heyward's motion is denied.   Docket entry 195 is resolved.

SO ORDERED.

Dated: New York, New York
 December 13, 2021

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge

**Copy to be mailed to:**

Michael Heyward

409 East 64th Street, Apt 4D

New York, NY 10065